UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| AMITABEN MUKESHKUMAR PATEL, | § § § § § | |
| *Petitioner*, | § § | |
| v. | § § | |
| MARY DE ANDA-YBARRA, Field Office Director of Enforcement and Removal Operations, El Paso Field Office, Immigration and Customs Enforcement; | § § § § § | |
| DAVID J. VENTURELLA, Senior Official Performing the Duties of the Director of U.S. Immigration and Customs Enforcement; | § § § § § § | EP-26-CV-00311-DCG |
| MARKWAYNE MULLIN, Secretary of the U.S. Department of Homeland Security; | § § § § | |
| TODD BLANCHE, Acting U.S. Attorney General; *and* | § § § | |
| WARDEN of ERO El Paso Camp East Montana, | § § § | |
| *Respondents*. | § | |

**FINAL JUDGMENT**

On July 7, 2026, the Court granted Petitioner Amitaben Mukeshkumar Patel's Petition for

Writ of Habeas Corpus (ECF No. 1) and ordered Respondents to take the following actions:

  (1)   by July 10, 2026, release Petitioner from custody under appropriate and lawful conditions of supervision; *and*

  (2)   by July 21, 2026, notify the Court that Petitioner was released from custody.[1]

Respondents timely confirmed that Petitioner was released from custody.[2]

---

[1] *See* Order Granting Pet., ECF No. 10, at 5.

[2] *See* Resp'ts' Advisory, ECF No. 11.

Petitioner has obtained the habeas relief to which he is entitled, so there appears to be nothing further for the Court to do in this case. The Court now enters its Final Judgment under Federal Rule of Civil Procedure 58.[3]

There being no just cause for delay, this is a **FINAL** and **APPEALABLE** judgment.

The Court **CLOSES** the above-captioned case.

**So ORDERED and SIGNED this 3rd day of August 2026.**

**DAVID C. GUADERRAMA**
**SENIOR U.S. DISTRICT JUDGE**

---

[3] FED. R. CIV. P. 58(a) ("Every judgment and amended judgment must be set out in a separate document . . . .").

See RULES GOVERNING SECTION 2254 CASES ("Habeas Rules"), Rule 1(a) ("These rules govern a petition for a writ of habeas corpus filed in a United States district court under 28 U.S.C. § 2254").

See also Habeas Rule 1(b) ("The district court may apply any or all of these rules to a habeas corpus petition not covered by Rule 1(a)"); Habeas Rule 12 ("The Federal Rules of Civil Procedure, to the extent that they are not inconsistent with any statutory provisions or these rules, may be applied to a proceeding under these rules.").